IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROBERT SEIFRIED,**

    **Plaintiff,**

v.                                                                   Civil Action No. 3:21cv156

**MAJOR MACK,** *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

By Memorandum Order entered on August 27, 2021, the Court directed Seifried to file a particularized complaint within fourteen (14) days of the date of entry hereof. (ECF No. 35.) By Memorandum Order entered on September 17, 2021, and after resistance from Seifried to file a particularized complaint, the Court again instructed Seifried to file a particularized complaint within fourteen (14) days of the date of entry thereof.[1] (ECF No. 39.) Seifried complied with that directive and filed a Particularized Complaint. (ECF No. 40.) Upon review of the Particularized Complaint, it appeared this action may be duplicative of the particularized

---

[1] In that Memorandum Order, the Court explained as follows:

> Plaintiff has received three orders because he filed three different civil actions in this Court naming different defendants. He must comply with the orders of the Court in each of the three actions. The Court already pointed out to Plaintiff that he had three actions filed and specifically allowed him to withdraw any of the three actions before the case was filed and money was taken from his account. (*See* ECF No. 12, at 1 n.1; ECF No. 24, at 2 n.1.) Plaintiff insisted that he wanted to proceed with all three cases. Accordingly, money will be taken from his account in each case until he pays the $350.00 owed for each.

(ECF No. 39, at 1.)

complaint filed in *Seifried v. Sample*, No. 3:21cv195 (E.D. Va. filed Aug. 20, 2021).[2] Accordingly, by Memorandum Order entered on November 24, 2021, the Court directed Seifried, within fourteen days of the date of entry thereof, to show good cause as to why he should be permitted to litigate a second complaint when he has a similar action pending that has been served on the same Defendants. (ECF No. 48, at 3.) The Court also explained that **"Seifried must also demonstrate why allowing a second action to proceed at the same time furthers the interest of judicial economy and efficiency."** (*Id.*) The Court noted that if Seifried failed to respond, the Court would dismiss this action, and Seifried could continue to litigate his claims in *Seifried v. Sample*, No. 3:21cv195 (E.D. Va. filed Aug. 20, 2021).

More than fourteen days have elapsed and Seifried has not filed a response to the November 24, 2021 Memorandum Order. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

Date: 1-12-2022
Richmond, Virginia

/s/ M. Hannah Lauck
United States District Judge

---

[2] The Court explained to Plaintiff several times that he had a total of three pending actions before this Court—in addition to the instant action, Plaintiff has two other § 1983 complaints. As the Court already explained to Plaintiff in its April 27, 2021 and May 27, 2021 Memorandum Orders:

> The Court received two § 1983 complaints from Plaintiff after it docketed this action. One complaint was assigned the number Civil Action No. 3:21CV195 and names Sgt. Sample, Co. Campbell, Co. Coleman, Major Mack, and all medical/mental health staff. The second was assigned Civil Action No. 3:21CV196 and names Nurse Harris, all medical staff, and Miss Cox. If the present civil action is a duplicate, and Plaintiff only wishes to litigate his two § 1983 complaints, Plaintiff should move to voluntarily dismiss this action at this time.

(*See* ECF No. 24, at 2 n.2 (quoting ECF No. 12, at 1 n.1).)